UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JOSHUA HORN,                          | No. 2:16-cv-2420-MCE-EFB PS   |
|---------------------------------------|-------------------------------|
| Plaintiff,                            |                               |
| v.                                    | FINDINGS AND RECOMMENDATIONS  |
| WAL-MART STORES, INC. STORE #1903,    |                               |
| Defendant.                            |                               |

This matter is before the court on plaintiff's motion to remand the case to state court. ECF No. 4.[1] Defendant opposes the motion. ECF No. 13. For the following reasons, it is recommended that plaintiff's motion be granted.[2]

Plaintiff initiated this action by filing a complaint in the Sutter County Superior Court against Wal-Mart Stores, Inc. ("Wal-Mart"). ECF No. 1 at 12-25. The complaint alleges state law claims for fraud and wrongful termination. *Id.* On October 11, 2016, defendant removed the action to this court by filing a notice of removal. ECF No. 1. The notice states that this court has

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Because the court determined that oral argument would not be of material assistance to the court, the motion was submitted without appearance and without argument pursuant to Eastern District of California Local Rule 230(g).

1

jurisdiction based on diversity of citizenship. ECF No. 1 at 2. Plaintiff timely moved to remand the case to state court, arguing that subject matter jurisdiction is absent and that the notice of removal was untimely. ECF No. 4. As discussed below, the parties are diverse but the removal petition is untimely.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). Diversity jurisdiction requires diverse citizenship of all parties and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). "A defendant . . . desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rule of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant" in the state action. 28 U.S.C. § 1446(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiff, a resident of California, contends that Wal-Mart is also a citizen of California because it operates stores in California, including the store at which he previously worked. ECF No. 4 at 3. Accordingly, he concludes that diversity is lacking. However, the mere fact that Wal-Mart operates a store in California does not render it a citizen of that state for purposes of

determining diversity jurisdiction. Rather, for purposes of diversity "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State and foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c). The notice of removal indicates that Wal-Mart is a citizen of Delaware, where it is incorporated, and Arkansas, where it maintains its principal place of business. Accordingly, plaintiff, a citizen of California, is obviously diverse from defendant. Moreover, the civil cover sheet plaintiff filed with his complaint indicates that he seek $5,350,000 in damages. ECF No. 1 at 11. Accordingly, this court has subject matter jurisdiction over the case.

Plaintiff also seeks remand on the basis that defendant's notice of removal was untimely. ECF No. 4 at 2. A defendant is required to file the notice of removal within 30 days after receipt "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The thirty-day period is triggered upon completion of formal service of process on the defendant in accordance with state law. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Of relevance here, California Code of Civil Procedure § 415.40 provides that a "summons may be served on a person outside this state . . . by sending a copy of the summons and of the complaint to the person to be served by first-class mail . . . . Service of the summons by this form of mail is deemed completed on the 10th day after such mailing."

Where the removing defendant fails to satisfy the procedural requirements of § 1446(b), a plaintiff may seek remand through a timely motion. A motion to remand based on any defect other than subject matter jurisdiction must be brought within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

The proof of service filed in this case establishes that on August 26, 2016, a process server sent, by certified mail, a copy of the summons and complaint to defendant's agent for service of process. ECF No. 1 at 7-8.[3] Pursuant to California Code of Civil Procedure § 415.40, service

---

[3] Defendant concedes that plaintiff mailed it a copy of the summons and complaint on August 26, 2016, but also argues that plaintiff has failed to demonstrate proper service because the proof of services states that defendant was served "[b]y Certified Mail on 8/31/2016 postmarked on 8/26/2016." ECF No. 13 at 6; *see* ECF No. 1 at 7. Despite the conflicting dates, a

was completed on September 5, 2016, and defendant was required to file its notice of removal by October 5, 2016. Defendant, however, did not file its notice of removal until October 11, 2016. ECF No. 1. Plaintiff timely filed his motion for remand on November 9, 2016. ECF No. 4.

Defendant does not dispute that the notice of removal was untimely but contends that it failed to timely file the notice due to a calendaring error. It explains that counsel's calendaring clerk incorrectly entered August 31, 2016, rather than August 26, into its electronic calendaring system as the date for service. ECF No. 13 at 6. Due to this error, the calendaring system entered October 10, 2016, a court holiday, as the due date for filing a notice of removal. *Id*. Defendant therefore believed it was timely filing its notice of removal on October 11, 2016. *Id*; *see* Fed. R. Civ. P. 6(a)(1)(C).

Relying on out-of-circuit authority and an unpublished Ninth Circuit case, defendant argues that this court has discretion to excuse the untimely removal for good cause, and that defendant's calendaring error constitutes a sufficient basis for exercising such discretion. ECF No. 13 at 5-8 (citing *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962 (7th Cir. 1982) and *Hawaii v. Deedy*, 532 F. App'x 751 (9th Cir. 2013)). However, Ninth Circuit authority has made clear that this court must remand upon a determination that the removal was untimely. *See Schmitt v. Ins. Co. Of North America*, 845 F.2d 1546 (9th Cir. 1988) (holding remand of removed action "became mandatory under section 1447(c) once the district court determined that [the] petition for removal was untimely."); *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) ("[T]he time limit [for removal under section 1446(b)] is mandatory and a timely objection to a late petition will defeat removal . . . .").[4]

/////

/////

---

photocopy of the envelope in which the documents were sent clearly establishes that the documents for service of process were mailed on August 26, 2016. Pursuant to California Code of Civil Procedure § 415.40 service was completed 10 days thereafter.

[4] In any event, counsel's failure to calendar the deadline for filing the notice of removal does not constitute good cause. *See Wei v. State of Hawaii*, 763 F.2d 370, 371 (9th Cir. 1985) (holding that counsel's inadvertent failure to calendar a deadline does not constitute good cause).

4

As defendant failed to remove this case in the time prescribed by 28 U.S.C. § 1446(b), plaintiff's timely motion must be granted.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion to remand (ECF No. 4) be granted; and
2. The above captioned case be REMANDED to the Superior Court of the State of California in and for the County of Sutter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 4, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE